### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSALINA IANNUCCI, | : |
| *Plaintiff*, | : |
| v. | : CIVIL ACTION NO._____ |
| PHILLIPS SEAFOOD RESTAURANTS, LLC, | : |
| *Defendant*. | : |

## CIVIL ACTION COMPLAINT

**I.   PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, Rosalina Iannucci ("Plaintiff Iannucci"), a former employee of the Defendant, Phillips Seafood Restaurants, LLC ("Defendant") who has been harmed by the Defendant's unlawful actions.

2. This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964 and 1991, as amended ("Title VII"), 42 U.S.C. §2000, et seq. and the New Jersey Law Against Discrimination N.J. Stat. § 10:5-1 et seq. ("NJLAD").

**II.   JURISDICTION AND VENUE:**

3. The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff Iannucci's claims are substantively based on the ADEA and Title VII and a substantial part of the events giving rise to Plaintiff Iannucci's claims occurred in this district.

4.   The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider Plaintiff Iannucci's claim arising under the NJLAD.

5.   All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Iannucci has satisfied all jurisdictional prerequisites to the maintenance of this action. On August 3, 2017, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

6.   Plaintiff Iannucci has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III.   PARTIES:

7.   Plaintiff, Rosalina Iannucci ("Plaintiff Iannucci"), is a sixty-one (61) year old female citizen of the State of New Jersey, residing therein at 6 North Cornwall Avenue, Vetnor, New Jersey 08406.

8.   Defendant, Phillips Seafood Restaurants, LLC is a limited liability company maintaining a company headquarters at 3761 Commerce Drive #413, Baltimore, Maryland 21227, and maintaining a place of business in the State of New Jersey located at 1 Atlantic Avenue, Atlantic City, New Jersey 08401.

9.   At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant.

10.   At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADEA, Title VII, and the NJLAD, and accordingly is subjected the provisions of each said Act.

## IV. STATEMENT OF CLAIMS:

11. Plaintiff Iannucci, a sixty-one (61) year old female, was employed by Defendant from on or about April 4, 2016 until on or about October 3, 2016, the date of her unlawful termination.

12. During the course of her employment with Defendant, Plaintiff Iannucci held the position of District General Manager. Plaintiff Iannucci was responsible for overseeing several of Defendant's restaurants located at the Playground in Atlantic City, and performed her job duties in an exemplary manner at all times.

13. In or about mid-July of 2016, Defendant hired Brian Poor ("Poor"). Poor assumed responsibility for various management duties, including staffing decisions.

14. Shortly after Poor commenced employment with Defendant, Plaintiff Iannucci was subjected to a hostile work environment and discrimination based on her sex (female) and age (61).

15. By way of example, in or about August of 2016, Poor told Plaintiff Iannucci that Defendant had never hired a female District General Manager before and asked Plaintiff Iannucci in a condescending tone, "Think you can handle it?" In the same conversation, as further harassment, Poor asked Plaintiff Iannucci to divulge her age. Thereafter, Poor frequently demeaned Plaintiff Iannucci by referring to her as "old girl" and "sunshine".

16. As further evidence of Poor's discriminatory animus, following a meeting with Plaintiff Iannucci and Anny Morales, Pantry Attendant, Poor stated, "We really need more white men in here."

17. On or about August 17, 2016, Defendant was extremely busy due to the Atlantic City Air Show. Plaintiff Iannucci was the only manager on duty, and oversaw four restaurants

including a private party for Bart Blatstein, the Playground Owner. While Plaintiff Iannucci was performing her demanding job duties, Poor sarcastically cautioned Plaintiff Iannucci, "you better watch yourself because you are an older woman."

18. Thereafter, as further harassment, Poor repeatedly telephoned Plaintiff Iannucci while she was suffering from an illness at home and unable to attend work for one (1) day. Although there was no emergency and Plaintiff Iannucci was physically unable to answer her telephone on said date, Poor needlessly threatened her by stating, "You should always answer your phone, old girl. It doesn't matter how sick you are."

19. The following week, Plaintiff Iannucci again was medically unable to attend work and had to visit the Emergency Room. Upon learning of same, Poor told Plaintiff Iannucci to "suck it up, old girl."

20. Thereafter, Plaintiff Iannucci was still suffering from symptoms of her illness but continued to attend work. When Poor learned that Plaintiff Iannucci was still ill after two (2) weeks, he became frustrated and retorted that it was due to her being "older".

21. As a result of his annoyance with Plaintiff Iannucci's "older" age, Poor verbally accosted Plaintiff Iannucci and belittled her in the presence of Robert Banks, Controller, during a meeting on or about August 30, 2016.

22. On or about August 31, 2016, Plaintiff Iannucci registered a complaint of sex and age discrimination with Chris Harter ("Harter"), Vice President. Plaintiff Iannucci expressed to Harter that Poor repeatedly demeaned her based on her sex and age. In response thereto, Harter told Plaintiff Iannucci that she was being an "overly sensitive woman."

23. Immediately thereafter, Plaintiff Iannucci registered a second formal complaint of sex and age discrimination with Jim Knudson ("Knudson"), Director of Human Resources. Knudson never responded to Plaintiff Iannucci's complaint, and failed to conduct an investigation or otherwise cause the discriminatory conduct to cease.

24. Later that day, Poor approached Plaintiff Iannucci and asked whether she was mad at him, thereby indicating that he was aware she registered a formal complaint against him. When Plaintiff Iannucci indicated she was mad at him, Poor responded by inappropriately hugging Plaintiff Iannucci and said, "You're older, you're sensitive" and patted her lower back. When Plaintiff Iannucci pulled away from him, Poor said "Aww come on, give me another hug," and pulled her in against her will.

25. Thereafter, Defendant, by and through its employees, including Poor, Harter, and Knudson, commenced a campaign of retaliation against Plaintiff Iannucci for opposing unlawful sex and age discrimination in the workplace.

26. By way of example, Poor began undermining Plaintiff Iannucci and unjustifiably criticized her work performance. In addition, Knudson informed Plaintiff Iannucci that Poor had accused her of "not doing her job." Further, whenever a hostess, bartender, or other employee made a mistake or received a negative review, Poor would report said conduct to Harter or Knudson and blame it on Plaintiff Iannucci.

27. As further retaliation for filing a complaint of unlawful sex and age discrimination against him, Poor repeatedly threatened Plaintiff Iannucci with termination and disrespected her in front of other employees.

28. Moreover, on or about September 24, 2016, Poor purposely excluded Plaintiff Iannucci from a meeting with management.

29. Based on the foregoing retaliatory conduct, Plaintiff Iannucci attempted to register another complaint with Harter on several occasions. However, Harter never responded to Plaintiff Iannucci's telephone calls.

30. On or about October 3, 2016, Knudson abruptly terminated Plaintiff Iannucci's employment, allegedly because "things were not working out."

31. Notably, Plaintiff Iannucci was immediately replaced by Dan Jackson ("Jackson"), a significantly younger, less qualified, less experienced male.

32. Plaintiff Iannucci believes and avers that the articulated reason for her termination was pretextual, and that Defendant's actions were based on her sex (female), and/or age (61), and/or in retaliation for registering complaints of unlawful sex and age discrimination in the workplace.

## COUNT I
### (ADEA – Age Discrimination and Retaliation)
### Plaintiff Iannucci v. the Defendant

33. Plaintiff Iannucci incorporates by reference paragraphs 1 through 32 of her Complaint as though fully set forth at length herein.

34. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Iannucci to a hostile work environment, terminating Plaintiff Iannucci's employment because of her age and/or in retaliation for registering complaints of age discrimination, constituted a violation of the ADEA.

35. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Iannucci

sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT II
### (NJLAD – Age Discrimination, Sex Discrimination, and Retaliation)
### Plaintiff Iannucci v. the Defendant

36. Plaintiff Iannucci incorporates by reference paragraphs 1 through 35 of her Complaint as though fully set forth at length herein.

37. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Iannucci to a hostile work environment, terminating Plaintiff Iannucci's employment because of her sex and/or age and/or in retaliation for registering complaints of sex and age discrimination, constituted a violation of the NJLAD.

38. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Iannucci sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

39. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Iannucci suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (Title VII-Sex Discrimination and Retaliation)
### Plaintiff Iannucci v. the Defendant

40. Plaintiff Iannucci incorporates by reference paragraphs 1 through 39 of her Complaint as though fully set forth at length herein.

41. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to a hostile work environment, sex discrimination and retaliation for opposing unlawful sex discrimination, constituted a violation of Title VII.

42. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

43. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

44. Plaintiff Iannucci incorporates by reference paragraphs 1 through 43 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Iannucci requests that this Court enter judgment in her favor and against the Defendant, and order that:

a. Defendant compensate Plaintiff Iannucci with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not be subjected to unlawful discrimination and retaliation;

b. Defendant compensate Plaintiff Iannucci with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Iannucci punitive damages, liquidated damages, compensatory damages for future pecuniary loses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

    d. Defendant pay to Plaintiff Iannucci pre and post judgment costs, costs of suit and attorney and expert witness fees as allowable by law;

    e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Iannucci demands trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: /s/Valerie W. Burritt, Esquire
VALERIE W. BURRITT, ESQUIRE
N.J. I.D. No.: 036862011
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

Dated: October 26, 2017

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief.

DATE: 9/30/17

_Rosalina Iannucci_
ROSALINA IANNUCCI, PLAINTIFF